Judge Muxs
delivered the opinion of the Court,
This is a petition accompanied by an affidavit, filed by the. attorney for the Commonwealth, on an application foe leave to file an information against the defendant in error, in the nature of a quo warranto, and thereby to try his right to hold and exercise the office of justice of the peace for Todd couunty, at the instance of a prosecutor.
The petition states that the law establishing, the county of Todd, allowed thirteen justices of the peace; that the representatives of the senatorial district immediately recommended to the Governor the number thirteen, and he forthwith issued to them commissions; that some time afterwards, the Governor issued an additional commission to the defendant in error, which he had accepted, and was exercising the powers of justice of the peace under it. That no county court had sat in the county before said last commission issued, and that the issueing of the commission by the Governor, was an act unauthorized by the constitution or law, and, therefore void.
A rule was granted against the defendant to shew cause why the information should not be filed.
On the return of the rule, the defendant appeared and opposed the leave, on the grounds that the petition and affidavit thereto, was insufficient to authorize it. The court sustained his objection, and the rule was discharged with costs, and to reverse that decision, this writ of error is prosecuted.
It is obvious from the constitution and the decision of this court thereon. (Justices of Jefferson county vs Clark, 1 Mon. 83.) that the executive can not commission a justice of the peace, unless he is first nominated to him in pursuance to the requisitions of the constitution, and that if he does no. the commission can not be held valid. The general *514 mode of nominating is, by the justices of the county court, who have the previous right of nominating two, of which the Governor may take one. Indeed this is the exclusive mode in all counties already organized and in operation.
How the Justices of the Peace for a new county, shall be nominated to the Governor, and commissioned.
Power of nomination in the representatives of the Senatorial districts out of which the new county is established, does not cease on the first nomination to the Governor—
But When a new county is created this mode can not be pursued, as there is no county court and no justices of the peace to make the nomination. This was foreseen and prodded for by the convention and the 9th section of the third article provides that, “when a new county shall he erected, a competent number of justices of the peace, a sheriff and a coroner therefor, shall be recommended to the Governor by a majority of ail the members of the House of Representatives iron the senatorial district or districts, in which the-county is situated; and if either of the persons thus recommended shall he rejected by the Governor or the Senate, another person shall be immediately recommended as aforesaid.”
By this provision, a certain portion of the members of the House of Representatives, are the exclusive nominators to that office; and it seems to be supposed by the applicant, that if these members should once, recommend, and the Governor commission in pursuance thereof, that. in case one or more, or all, to whom the commissions issued, should refuse to accept, the power of re-nomination by these representatives, and the right to commission thereon in the Governor, forever ceases; and that all further nominations should come from the county court.
It is true, the section provides for the case of rejection by the Governor or Senate; but does not extend the provision to the case of a refusal to accept by the person commissioned. But to say that the right then ceases, we apprehend, is too narrow a const ruction of the instrument, and one calculated to defeat all its objects, in case of a refusal of the whole to accept, which is a possible, and not very improbable case. The formation of a new county generally creates parties, and the measure has its *515 enemies and its friends. The number of justices may be but few, and if the appointments should fall on the enemies of the measure, enough of them might refuse or die, till not enough were left to constitute a court, and it would he difficult to get the court into operation; and indeed the case could not, perhaps, get a legislative remedy. For the legislature could not confer the power of re-nomination, after it had been conferred and exhausted by the constitution! and the office of justice of the peace is pointed out and made necessary by the constitution, as well as the mode of appointment, leaving to the legislature to fix the number, and the legislature has never claimed the right of making a now mode of nomination, To remedy the evil of a rejection by all or oven some of those first commissioned might, therefore, be found a difficult matter on this hypothesis.
—But shall be exercised again and again,until the number of Justices allowed by law, shall have accepted the appointments.
—It is not necessary to the exercise of this power that the Legislature be in session.
Whether there was a constitutional nomination for a Justice of the Peace commissioned by the Governor, may be enquired into on an information.
The power delegated to the members of the senatorial district is ample, and the design of confering it was to set the county court into operation. It is not a legislative hut a special authority, for a specific purpose. It is attached to the office of representative, and it is not necessary that the legislature should he in session when it is exercised; and the best construction is, that it remains with these representatives till the competent number required is obtained, and maybe exercised again and again, till the object is accomplished; that is, a competent number of real justices of the peace, and not men who were only named in a commission as such.
The prosecutor in this application, has failed to allege that, ail the thirteen justices first commissioned accepted their commissions, and that the defendant is entirely supernumerary, and the contrary is inferable. Nor is it charged that the defendant was commissioned without any nomination to the Governor, by the representatives of the district; but only, that no county court had sat previous to the commission in question; thus intimating that the county court alone possessed the right of nomination, if any one refused to accept.
Acts of the Governor will be presumed to be right by the judiciary, till the contrary be alleged and proved.
Motion for leave to file, the information, overruled, for defects in the grounds of the motion dated.
As the proceeding questioned the acts of the Executive, and was based on a supposed constitutional violation by that department, if is due to that department from the judiciary, to presume everything rigidly done, till the contrary is shewn. This presumption is indulged in favor of the. acts of inferior executive officers, acting under the sanctions of office, and applies with equal if not greater force, to the heads of departments. It was, therefore, necessary to have shewn that all the first thirteen had accepted and taken the oaths of office under their commissions, whereby the right of the representatives of the district to nominate, and of the Governor to commission, would have been exhausted; or to save, averred positively, that the executive had issued the commission without the nomination of either the representatives or county court, to authorize the proceeding against the officer arraigned.
For these defects in the petition and affidavit, the court did right in discharging the rule; and the judgment, consequently, is affirmed, but without cost, as the defendant in error has failed to appear in this court.